UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| LIDAN LIN, | |
| Plaintiff, | |
| v. | CAUSE NO.: 4:20-CV-97-TLS |
| CARL DRUMMOND, LACHLAN WHALEN, and PURDUE UNIVERSITY, | |
| Defendants. | |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Sealing Documents #111 and #112 [ECF No. 114], filed by Plaintiff Lidan Lin on May 26, 2023. In the motion, the Plaintiff asks the Court to order that two other documents [ECF Nos. 111 and 112] filed on May 19, 2022, be maintained under seal. The Court issued a May 23, 2023 Opinion and Order denying the Plaintiff's earlier motion to seal [ECF No. 110], filed May 19, 2023.

Northern District of Indiana Local Rule 5-3 provides, "The clerk may not maintain a filing under seal unless authorized to do so by statute, court rule, or court order." N.D. Ind. L.R. 5-3(a). "The public has a legitimate interest in the record compiled in a legal proceeding because the public pays for the courts," but this interest may be overridden "if there is good cause for sealing part of the record." *Forst v. Smithkline Beecham Corp.*, 602 F. Supp. 2d 960, 974 (E.D. Wis. 2009) (citing *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944–45 (7th Cir. 1999)). "Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification" by the Court. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). A litigant must justify the claim of secrecy, analyzing the applicable legal criteria. *Citizens First*, 178 F.3d at 945; *see also, e.g.*, *Cnty.*

*Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2007); *Baxter Int'l v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002); *Union Oil Co. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000).

In the present motion to seal, while the Plaintiff argues, albeit, in a conclusory manner, that the information should be of little interest to the public, the Plaintiff again gives no reasoning explaining why the information is sensitive, personal, and should be kept from the public. Though the Plaintiff also refers to harassment "by the networked harassers on and off campus, which is a major allegation in her suit," maintaining a document under seal does not prevent other parties in the case from viewing the information. Mot. 2, ECF No. 114. To the extent she refers to the Defendants, this is not a basis to seal the documents. "[T]he Seventh Circuit stated that it will deny outright any motion to maintain the confidentiality of information that fails to 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Forst*, 602 F. Supp. 2d at 974 (quoting *Baxter Int'l, Inc.*, 297 F.3d at 548). The Court finds it must again do the same.

Based on the foregoing, the Court hereby DENIES the Plaintiff's Motion for Sealing Documents #111 and #112 [ECF No. 114] and DIRECTS the Clerk of Court to UNSEAL the two documents filed under seal [ECF Nos. 111, 112].

SO ORDERED on June 1, 2023.

                                                  s/ Theresa L. Springmann
                                                  JUDGE THERESA L. SPRINGMANN
                                                  UNITED STATES DISTRICT COURT