IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| LIDAN LIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.:  4:20-CV-00097-TLS-JPK |
| ) | |
| THE TRUSTEES OF PURDUE ) | |
| UNIVERSITY, CARL DRUMMOND, ) | |
| LACHLAN WHALEN, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF
THEIR MOTION FOR SUMMARY JUDGMENT**

## I.  INTRODUCTION

Undisputed material facts warrant summary judgment in favor of Defendants The Trustees of Purdue University, Carl Drummond, and Lachlan Whalen.  Plaintiff fails to come forward with "*specific* facts creating a genuine issue for trial and may not rely on vague, conclusory allegations." *Gabrielle M. v. Park Forest-Chicago Heights, Ill. Sch. Dist. 163*, 315 F.3d 817, 822 (7th Cir. 2003) (emphasis in original).

Plaintiff's response confirms that summary judgment is required.  The purportedly "undisputed" facts that Plaintiff presents are either not supported by admissible evidence as required by Fed. R. Civ. P. 56 or are immaterial.  (*See* Defendants' Reply to Plaintiff's Responses to Local Rule 56-1 Statement of Material Facts and Responses to Additional Material Facts Provided by Plaintiff).  Once Plaintiff's speculative, unsupported theories are removed, this Court is left with no evidence that proves, or tends to prove, Plaintiff was subjected to discrimination, a hostile work environment, or retaliation.  Because there are no material issues of fact, and

Plaintiff's claims fail as a matter of law, summary judgment in Defendants' favor is mandated. Plaintiff's "pro se status doesn't alleviate [her] burden on summary judgment." *Arnett v. Webster*, 658 F.3d 742, 760 (7th Cir. 2011).

## II.    ARGUMENT AND AUTHORITY

Plaintiff concedes (or fails to dispute with material facts supported by citation to the record) the majority of material facts presented by Purdue. Specifically:

1. Plaintiff's angst apparently derives from Purdue's long-ago decision to hire Dr. Whalen into the Department of English and Linguistics. Plaintiff admits taking great efforts to oppose his hire because of her professional insecurity at that time, when her narrative was not about race or national origin. (SMOF ¶¶ 24-27).

2. Plaintiff's opposition to Dr. Whalen's hire in 2014, according to her, served as a "catalyst" to "bond Purdue staff, Purdue faculty, her neighbors and their dogs together against Plaintiff, resulting in years of 'stalking' and 'harassment.'" (SOMF ¶ 28).

3. Plaintiff admits the bulk of Purdue's stated facts—and everything material—related to the process of selecting a new *Clio* Editor-in-Chief. (SOMF ¶¶ 29-38). Where Plaintiff has indicated a "dispute" (*see* SOMF ¶¶ 39-45), Plaintiff simply does not agree with the legitimate conclusions and comparisons of credentials and abilities made by Purdue.

4. In relation to the Acting Chairperson position, Plaintiff likewise does not dispute the bulk of Purdue's stated material facts (SOMF ¶¶ 47-55, 62-63). What Plaintiff "disputes" relates to disagreement regarding process and preferences (e.g., SOMF ¶¶ 56-60, 103-110) or quibbling over details not material to Defendants' motion (e.g., SOMF ¶¶ 61, 64).

Plaintiff presents few purported substantive or legitimate fact arguments in opposition to Defendants' summary judgment motion. For ease of reference, Purdue outlines those few arguments below, with Defendants' substantive responses:

| Plaintiff's Purported Substantive or Legitimate Fact Arguments | Why Summary Judgment Is Nonetheless Mandated |
|---|---|
| Plaintiff makes claims going back to 2014 and 2015 due to her understanding of the doctrine of continuing violation. (Pl. Br., pp. 2-4). | Plaintiff's argument fails. She would need to identify timely and viable claims within the statutory period, which she cannot do.<br><br>And, even if tolling were applied, Plaintiff cannot avoid summary judgment. Plaintiff's tolling argument appears designed to capture that the 2014 hire of Dr. Whalen was an alleged "catalyst" of subsequent adverse employment actions. In actuality, Plaintiff simply wants to second-guess Purdue's administrative and academic decisions. |
| Plaintiff argues that she was harassed by nonverbal expressions and body language. (Pl. Br., pp. 3-6). | Plaintiff's citation to Purdue's harassment policies (and reference to "stalking") do not support her claims or in any way show that she was in fact mistreated based upon any protected characteristics. Without legal support, Plaintiff contests Purdue's statement of law regarding "nebulous impressions of… body language" and the need to show racial motivation. (*See* Defendants' brief at Dkt. 122, pp. 14-15).<br><br>Finally, even if Plaintiff could show that the alleged nonverbal harassment was motivated by race or national origin (which she has not and cannot), the conduct of which Plaintiff complains is not sufficiently severe or pervasive to create a hostile working environment. (*See* Dkt. 122, p. 15). |
| At the root of this case, Plaintiff disagrees with the 2014 hire of Dr. Lachlan, which she says was a "catalyst" for future alleged misstatements. (Pl. Br., pp. 6-8). | Disagreement with a hiring decision does not provide a basis for a discrimination or retaliation claim. Plaintiff's unusual "catalyst" argument is not supported by applicable law. Further, alleged violations of Purdue procedure or policy (e.g., Purdue's "spouse hire or dual-career couple accommodation policy"), even if true (which they are not), do not establish unlawful discrimination. |

3

| Plaintiff's Purported Substantive or Legitimate Fact Arguments | Why Summary Judgment Is Nonetheless Mandated |
|---|---|
| Plaintiff argues an alleged 2015 adverse employment action as "retaliation" for her opposition to Dr. Whalen's hire. (Pl. Br., pp. 8-10). | Plaintiff's shaky foundation for her claims appears to be her vocal disagreement with Dr. Whalen's 2014 hire. As set forth throughout Defendants' briefing, disagreement with an employer's decisions does not provide the basis for discrimination claims. |
| Nitpicking the credentials of others versus her view of her own, Plaintiff claims she has established a *prima facie* case of discrimination related to Purdue's selection of Dr. Huffman as Acting Chair. (Dkt. 130, pp. 11-15). | Plaintiff's subjective belief that she was more qualified is insufficient to establish a claim of discrimination. (*See* cases cites by Defendants at Dkt. 122, pp. 7-8). |
| Plaintiff refers to "pretext" relating to the Acting Chair position without presenting any evidence of pretext. (Dkt. 130, pp. 11-15). | Plaintiff has not, and cannot, demonstrate that Purdue's proffered reason for selecting Dr. Huffman for the Acting Chairperson position is "a lie or completely lacks a factual basis." *Jordan v. Summers,* 205 F.3d 337, 343 (7th Cir. 2000). It matters not if Plaintiff (or others) might think Purdue was mistaken or ill-considered. *Id*. |
| Plaintiff claims she has established a *prima facie* case of discrimination related to the Editor-in-Chief position. (Dkt. 130, pp. 16-19). | Plaintiff does not present a *prima facie* case, or any pretext, related to the Editor-in-Chief position. (*See* Dkt. 122, pp. 16-19). |
| Plaintiff claims that Janet Badia's 2021 appointment as Dean was retaliation against her. | Plaintiff's claim of retaliation does not make sense. Plaintiff does not allege that she ever applied for the same Dean position. (*See* Dkt. 122, p. 21). |

Defendants incorporate by reference their previous briefing (Dkt. 122 and Statement of Material Facts, separately addressed). Defendants object to Plaintiff's unsupported conjecture, hearsay evidence without context or authentication, and unsworn narrative. Summary judgment on Plaintiff's claims remains necessary, as Plaintiff cannot meet her burden on any of her claims.

4

### A. Plaintiff's Title VII Claim (And Any Other Claims) Against Purdue Should Be Dismissed.

Plaintiff cannot demonstrate a *prima facie* case or pretext because she cannot show she was better qualified for the temporary Acting Chairperson position than Dr. Huffman. (*See* Dkt. 122, pp. 4-8). Plaintiff's self-assessment is insufficient; it is Purdue's assessment (and particularly that of Dr. Friedman) that matters. (*See id.*).

Plaintiff has admitted the need for an Acting Chairperson to be collegial, have good communication skills, and be respected by and get along with other members of the English department. (Ex. 1, pp. 76:13-77:7, 80:2-5). Further, Plaintiff admitted that the Acting Chairperson's responsibilities included addressing administrative matters, and that Plaintiff lacked administrative experience. (Ex. 1, pp. 85:13-86:1).

Finally, and most important, Plaintiff has no evidence of race or national origin-based animus by any decision-makers or other individuals. Plaintiff has offered nothing more than conjecture in support of her claim of discrimination against Purdue, and Plaintiff's "own suspicions are not good enough." *Ridge v. Indiana Univ. Health Arnett, Inc.*, 350 F. Supp. 3d 707, 722 (N.D. Ind. 2018).

### B. Plaintiff's Section 1981 Claims Against Dr. Drummond And Dr. Whalen Should Be Dismissed.

Plaintiff alleges that she has been subject to discrimination, harassment, and retaliation "since 2014" (when she opposed Dr. Whalen's hire). (Dkt. 59-2, p. 1, ¶ 4). Plaintiff believes that Vice Chancellor Drummond discriminated against her by initiating and approving Dr. Whalen's hire into the English department in 2014. (Ex. 1, pp. 13:19-14:3, 193:16-23). Moreover, Plaintiff maintains that after she "expressed [] concerns about Dr. Whalen's hire," Dr. Whalen's "harassment and stalking became worse" and that this alleged retaliatory harassment "lasted well into 2015." (Ex. 1, pp. 28:15-29:10). These claims should be dismissed for many reasons,

5

including because they are time-barred, unsupported, and not based on race.  *See* accompanying reply regarding Statement of Material Facts and Dkt. 122.

### III. CONCLUSION

Plaintiff seeks to introduce new legal theories in this case, supported by an invented and exceedingly improbable and difficult-to-follow plot.  However, there is no "catalyst" theory under any law applicable to this case.  Plaintiff continues to offer nothing more than conjecture and conspiracy theories in support of her claims.  Summary judgment should be entered in Defendants' favor, and Plaintiff's Complaint be dismissed in its entirety with prejudice.

Respectfully submitted,

*/s/ Kathleen M. Anderson*
Kathleen M. Anderson
**BARNES & THORNBURG LLP**
888 South Harrison Street, Suite 600
Fort Wayne, IN  46802
Telephone: (260) 423-9440
Facsimile: (260) 424-8316
Email: Kathleen.Anderson@btlaw.com

ATTORNEY FOR DEFENDANTS

### CERTIFICATE OF SERVICE

On this 7th day of February, 2024, a copy of the foregoing was emailed and mailed to Plaintiff, *pro se*:

Lidan Lin
7205 Sandyridge Place
Fort Wayne, IN  46835
llin3000@yahoo.com
anetida2121@yahoo.com

*/s/Kathleen M. Anderson*
Kathleen M. Anderson

DMS 41427878.1