UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| LIDAN LIN, | |
| Plaintiff, | |
| v. | CAUSE NO.: 4:20-CV-97-TLS |
| THE TRUSTEES OF PURDUE UNIVERSITY, CARL DRUMMOND, and LACHLAN WHALEN. | |
| Defendants. | |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Seal Documents [ECF No. 128], filed by Plaintiff Lidan Lin on January 18, 2024. In the motion, the Plaintiff asks the Court to order that several documents [ECF No. 129], also filed on January 18, 2024, be maintained under seal.

Northern District of Indiana Local Rule 5-3 provides, "The clerk may not maintain a filing under seal unless authorized to do so by statute, court rule, or court order." N.D. Ind. L.R. 5-3(a). "The public has a legitimate interest in the record compiled in a legal proceeding because the public pays for the courts," but this interest may be overridden "if there is good cause for sealing part of the record." *Forst v. Smithkline Beecham Corp.*, 602 F. Supp. 2d 960, 974 (E.D. Wis. 2009) (citing *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944–45 (7th Cir. 1999)). "Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification" by the Court. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). Therefore, "the district court [must] make a determination of good cause before [it] may enter [an] order [to seal]." *Citizens First*, 178 F.3d at 946. Consequently, a litigant must justify the claim of secrecy,

analyzing the applicable legal criteria. *Baxter Int'l v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002).

In this case, although the Plaintiff makes the blanket statement that they are confidential in nature, she provides no cause for sealing the documents. "[T]he Seventh Circuit stated that it will deny outright any motion to maintain the confidentiality of information that fails to 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Forst*, 602 F. Supp. 2d at 974 (quoting *Baxter Int'l, Inc.*, 297 F.3d at 548). The Court finds it must do the same.

Based on the foregoing, the Court hereby DENIES without prejudice the Plaintiff's Motion to Seal Documents [ECF No. 128]. The Court SETS a deadline of April 5, 2024, for the motion to be refiled. If the motion is not filed by the deadline, the Court will order the documents [ECF No. 129] unsealed.

SO ORDERED on March 19, 2024.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT