IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF INDIANA

LAFAYETTE DIVISION

-FILED-

APR 09 2024

Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| LIDAN LIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 4:20-CV-00097-TLS-JPK |
| | ) |
| THE TRUSTEES OF PURDUE | ) |
| UNIVERSITY, CARL DRUMMOND, | ) |
| LACHLAN WHALEN, | ) |
| | ) |
| Defendants. | ) |

**Motion to Sanction Defendant Whalen and to Discipline Defense Attorneys**

Dear Judge Springmann,

N. D. Ind Local Rule 83-5, Bar Admission, sets professional standards for attorney practice (p58). N.D. Ind. L.R. 83-6.1 sets the scope and methods for Attorney Discipline concerning attorney misconduct. Civil Rule 83-6.2. N.D. Ind. L.R. 83-6.2 defines the Grounds for Discipline (p62) and the Court's Authority to exercise disciplinary actions on the accursed:

"The court may discipline an attorney who:

**(1)** engages in misconduct, even if the misconduct occurs outside an attorney-client relationship;

**(2)** is convicted of a serious crime; or

**(3)** is disciplined by any other court in the United States or its territories, commonwealths, or possessions.

**(b) "Misconduct" Defined.** "Misconduct" means a violation of the standards of professional conduct identified in N.D. Ind. L.R. 83-5(e).

The Seventh Circuit Court of Appeals also sets standards for attorneys' professional conduct requiring that "A Lawyer's conduct ~~should be characterized at all times by~~ ~~personal courtesy and professional integrity~~ in the fullest sense of those terms" (p1).

Based on the above legal authorities, Plaintiff (I) moves the Court to sanction Whalen and to discipline defense counsels for the following series of misconduct:

1       The Court's Protective Order (DKT64) requires that confidential documents disclosed during the Discovery be designated as non-public and "Confidential": "the following may be designated "Confidential," provided the information was maintained as confidential and the party has a legitimate interest in maintaining its confidentiality" (DKT64, p2, paragraph 2). . . any non-public information which would invade the privacy interests of Plaintiff, the individual Defendants or Purdue's current or former employees, officers, directors. . .including documents contained in personnel files of non-parties; personal financial information; personal identifiers such as social security numbers and dates of birth; and non-public and proprietary business information. . .protected health information and related content and communications; and private medical records" (DKT64, Order, p2, paragraph 2). Defense counsels violated this Order because they failed to designate document DEF1000129 -133 (Plaintiff's ExB, Ex1) as "Confidential". Because this document was a confidential document concerning a personnel matter, it was marked "confidential" by PFW.  Further, this was almost the only document defense counsels did not mark "Confidential"—they marked all other documents "Confidential" during the Discovery.

2    Defense counsels most likely shared this confidential document (DEF1000129-133) with Defendant Whalen, Badia's partner, because Whalen used this document in his 2022 internal harassment complaint against Plaintiff (Plaintiff's Additional Material Facts (138), ExC, PFW, Ex8, redacted investigators' report, ExC, PFW, Ex8, determination). Because this document was a confidential email communication Plaintiff sent to several academic administrators (Whalen was not a recipient) concerning his 2014 hire initiated and approved by Defendant Drummond, Whalen should not possess this document, plus Whalen did not indicate how he obtained this document. The timing also suggests that defense counsels highly likely shared this document with Whalen: defense counsels released this document to me around April 15, 2022, and Whalen used this document on April 26, 2022. Although Whalen did not win this case, his violation of the Court's Protective Order and his arrogant contempt of the Court are clear.

Based on 1 and 2, both defense counsels and Whalen have jointly violated the Court's Protective Order; their arrogant contempt of this Court is clear. Defense counsels' violation has failed the " in the fullest sense" standard set by the Court and, therefore, constitutes a serious misconduct.

3    Defense counsels also violated the Protective Order in other ways. For example, they used multiple documents they marked "confidential" in their Motion for Summary Judgement without asking the Court to seal them: Exhibit 3, Friedman Declaration (DEF 1000770, DEF1000812, DEF1000788-789); 2) Exhibit 4, Whalen Declaration (Exhibits A and B); Exhibit 43, DEF1000268-1000281, Exhibit 76,1000157-1000158 in Plaintiff's Deposition. They also used Ex1, Plaintiff's entire Deposition, without asking the Court to seal it. Because Plaintiff's Deposition was taken as part of the Discovery, it is not public information, an opinion widely shared by legal experts: "Courts nationwide recognize a right to inspect and copy public records and documents, including judicial records and documents. However, the U.S. Supreme Court ruled in *Seattle Times Co. v. Rhinehart* that "pretrial depositions and interrogatories are not public components of a civil trial. Such proceedings were not open to the public at common law, and, in general, they are conducted in private as a matter of modern practice" (https://tinyurl.com/46bkw94w). Many other legal experts share the same opinion, as well (https://tinyurl.com/yxsmncdu). Because Plaintiff's Deposition contains protected information concerning personnel and health-related matters, for example, Exhibit 43, DEF1000268-

1000281, Exhibit 76,1000157-1000158, they should have been filed under seal; I have requested sealing it in my Amended Motion to Seal filed on April 5, 2024.

**Conclusion:**

Based on the cited legal authorities and on the documented evidence of defense counsels' and Whalen's multiple and intentional violations of the Court's Protective Order, I request that: 1) Whalen be sanctioned for his intentional violation of the Protective Order that prohibits misusing protected materials disclosed in the Discovery; 2) Defense counsels be disciplined, including maximum sanctions, for their serious misconduct—their failure to advise their clients on abiding by the Court's Protective Order and for their other multiple and intentional misconducts/violations documented in this Motion.

Respectfully submitted,

*/s/ Lidan Lin/*

Lidan Lin (Plaintiff, pro se)

7205 Sandyridge Place

Fort Wayne, IN 46835

## CERTIFICATE OF SERVICE

The undersigned hereby swears and affirms that a true and correct copy of the above was served by the Clerk's Office (1300 S. Harrison St. Fort Wayne, 46802) to the Court and served electronically to Purdue's counsels of record on April 9, 2024.

Lidan Lin (Plaintiff, pro se)

*[signature]*

7205 Sandyridge Place

Fort Wayne, IN 46835

llin3000@yahoo.com