UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| LIDAN LIN, | |
| Plaintiff, | |
| v. | CAUSE NO.: 4:20-CV-97-TLS |
| THE TRUSTEES OF PURDUE UNIVERSITY, CARL DRUMMOND, and LACHLAN WHALEN, | |
| Defendants. | |

**OPINION AND ORDER**

This matter is before the Court on an Amended Motion to Seal Documents [ECF No. 140], filed by Plaintiff Lidan Lin on April 5, 2024. On January 18, 2024, the Plaintiff filed a Motion to Seal Documents [ECF No. 128], asking the Court to order that document [ECF No. 129] filed on January 18, 2024, be maintained under seal. The Court entered a March 19, 2024 Opinion and Order [ECF No. 139] denying the Plaintiff's Motion to Seal Documents for failing to provide cause for sealing the document, but the Court granted the Plaintiff leave to refile the motion. In the instant amended motion, the Plaintiff again asks the Court to order that document [ECF No. 129] be maintained under seal. The Plaintiff also requests that several other documents be placed under seal. *See* ECF No. 140 ¶¶ 4, 6.

As the Court set forth in its first Opinion and Order, Northern District of Indiana Local Rule 5-3 provides, "The clerk may not maintain a filing under seal unless authorized to do so by statute, court rule, or court order." N.D. Ind. L.R. 5-3(a). "The public has a legitimate interest in the record compiled in a legal proceeding because the public pays for the courts," but this interest may be overridden "if there is good cause for sealing part of the record." *Forst v.*

*Smithkline Beecham Corp.*, 602 F. Supp. 2d 960, 974 (E.D. Wis. 2009) (citing *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944–45 (7th Cir. 1999)). "Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification" by the Court. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). Therefore, "the district court [must] make a determination of good cause before [it] may enter [an] order [to seal]." *Citizens First*, 178 F.3d at 946. Consequently, a litigant must justify the claim of secrecy, analyzing the applicable legal criteria. *Baxter Int'l v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002). The designation of a document as confidential without further justification, such as an analysis of the applicable legal criteria, does not provide good cause for sealing that document. *See id.*; *Citizens First*, 178 F.3d at 945 ("[M]uch too broad is 'other confidential . . . information,' [as] . . . it amounts . . . to giving each party carte blanche to decide what portions of the record shall be kept secret.").

In this amended motion to seal, the Plaintiff argues in a conclusory manner that the documents at issue are designated confidential or should have been, but the Plaintiff again does not explain why the information is sensitive, personal, and should be kept from the public. Though the Plaintiff also refers to her deposition as not being public and containing exhibits with personnel and health matters, she does so in a conclusory manner and provides no legal citations to support keeping this type of information from the public without further justification. "[T]he Seventh Circuit stated that it will deny outright any motion to maintain the confidentiality of information that fails to 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Forst*, 602 F. Supp. 2d at 974 (quoting *Baxter Int'l, Inc.*, 297 F.3d at 548). The Court finds it must again do the same.

To the extent that the Plaintiff argues that the Defendants are in violation of the Stipulated Protective Order [ECF No. 64] for not designating as "confidential" a letter by her that contains a personnel decision and the Plaintiff requests that the Court review whether the Defendants' violated the Stipulated Protective Order for not filing under seal documents designated as "confidential," the Court declines to review these issues as outside the scope of the Court's March 19, 2024 Opinion and Order granting the Plaintiff leave to refile her motion to seal documents.

Based on the foregoing, the Court hereby DENIES the Plaintiff's Amended Motion to Seal Document [ECF No. 140] and DIRECTS the Clerk of Court to UNSEAL the document filed under seal [ECF No. 129].

SO ORDERED on April 17, 2024.

        s/ Theresa L. Springmann  
        JUDGE THERESA L. SPRINGMANN  
        UNITED STATES DISTRICT COURT