UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| LIDAN LIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE TRUSTEES OF PURDUE<br>UNIVERSITY, CARL DRUMMOND, and<br>LACHLAN WHALEN,<br>　　　　　Defendants. | CAUSE NO.: 4:20-CV-97-TLS |

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's Amended Opposition to the Defendants' Bill of Costs [ECF No. 154], filed on May 16, 2024, objecting to the Defendants' Bill of Costs [ECF No. 147]. For the reasons stated below, the Court overrules the Plaintiff's objections.

### BACKGROUND

In February 2019, the Plaintiff Lidan Lin applied for positions as editor-in-chief of *Clio* and acting chair in the English department at Purdue University in Fort Wayne, where the Plaintiff was a tenured professor in the English Department. When she was not offered either position, the Plaintiff filed a Complaint [ECF No. 1] in this Court. She amended her Complaint five times, ultimately alleging in her Fifth Amended Complaint [ECF No. 59] that (1) the Defendant The Trustees of Purdue University failed to hire her as acting chair based on racial (Asian) and national origin (Chinese) discrimination in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, et seq. (Title VII) and (2) Defendants Carl Drummond and Lachlan Whalen violated the Civil Rights Act of 1866, 42 U.S.C. § 1981 (§ 1981) when she was not hired as the acting chair based on racial discrimination, she was not hired as editor-in-chief of *Clio* based on racial discrimination, Whalen was hired based on racial discrimination, Janet

Badia was appointed Dean of the College of Liberal Arts (in May 2021) based on retaliation, and they created a hostile work environment.

On December 11, 2023, the Defendants filed a Motion for Summary Judgment [ECF No. 121], arguing that the Plaintiff's claims fail as a matter of law. The Plaintiff filed a response [ECF No. 130] on January 18, 2024, and the Defendants filed a reply [ECF No. 137] on February 7, 2024. On April 17, 2024, the Court granted the Defendants' request for summary judgment. Op. & Ord., ECF No. 145. Afterward, the Clerk of Court entered judgment against the Plaintiff and in favor of the Defendants. ECF No. 146.

On April 30, 2024, the Defendants filed a Bill of Costs seeking $4,564.20. ECF No. 147. Of that amount, $4,431.20 is fees for printed or electronically recorded transcripts and $133.00 is fees for copies. *Id.* To their Bill of Costs the Defendants attached the declaration of Kathleen M. Anderson, an attorney for the Defendants, stating "pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct." ECF No. 147-1. The Defendants also attached multiple invoices with itemizations of the costs. Def. Ex. A, ECF No. 147-2; Def. Ex. B, ECF No. 147-3.

On May 14, 2024, the Plaintiff filed her objections. *See* Pl. Obj., ECF No. 151. On May 16, 2014, the Plaintiff filed her amended objections. *See* Pl. Am. Obj., ECF No. 154. The bases for the Plaintiff's objections include: (1) the Court Order ruling on the Defendants' Motion for Summary Judgment is appealable; (2) the Plaintiff has filed a Motion to Amend that Order; (3) the Plaintiff believes that the Court Order ruling on the Defendants' Motion for Summary Judgment needs to be amended; (4) the Defendants' financial resources outweigh the Plaintiff's; and (5) the Defendants' counsel indicated that the Defendants would waive their costs.

The Defendants have not filed a reply, and the time to do so has passed.

## ANALYSIS

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1); *see* 28 U.S.C. § 1920 (listing recoverable costs). "Rule 54(d)(1) provides a presumption that costs are awarded to the prevailing party, and the burden is on the non-prevailing party to overcome this presumption." *Rivera v. City of Chicago*, 469 F.3d 631, 636 (7th Cir. 2006). Here, the Court granted the Defendants' Motion for Summary Judgment, directing the Clerk of Court to enter judgment in favor of the Defendants and against the Plaintiff. Thus, the Defendants are the prevailing party; accordingly, there is a presumption that their costs are awarded unless the Plaintiff meets her burden to overcome it.

> Allowable costs include
>
> (1) Fees of the clerk and marshal;
> (2) *Fees for printed or electronically recorded transcripts necessarily obtained for use in the case*;
> (3) Fees and disbursements for printing and witnesses;
> (4) *Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case*;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920 (emphasis added); *see Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987) ("Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)."). The Seventh Circuit has "recognized only two situations in which the denial of costs might be warranted: the first involves misconduct of the party seeking costs, and the second involves a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent." *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003).

Here, the Plaintiff has not met her burden to overcome the presumption that the Defendants' costs are recoverable. The bases for the Defendants' Bill of Costs are fees for printed or electronically recorded transcripts and for copies used in this case, which are expressly allowable costs. *See* 28 U.S.C. § 1920. The Court has also reviewed the Defendants' costs, including their invoices and itemizations, and concludes that the costs are reasonable. *See Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000) ("Taxing costs against a losing party requires [an] inquir[y] . . . [into] whether the amount assessed . . . was reasonable.").

Although the Plaintiff raises five conclusory bases for her objections—without citation to any legal authority or other support, the Plaintiff does not object to the Defendants' costs based on misconduct by the Defendants or based on her indigency let alone point to evidence contained in the record of either. *See Mahaffey v. Ramos*, 588 F.3d 1142, 1146 (7th Cir. 2009) ("Perfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived."). Thus, the Plaintiff has not met her burden to overcome the presumption that costs are awarded to the prevailing party. According, the Court overrules the Plaintiff's objections.

## CONCLUSION

For the reasons stated above, the Court hereby OVERRULES the Plaintiff's Amended Opposition to the Defendants' Bill of Costs [ECF No. 154] and GRANTS the Defendants' Bill of Costs [ECF No. 147]. The Court OVERRULES as moot the Plaintiff's Opposition to the Defendants' Bill of Costs [ECF No. 152].

SO ORDERED on May 29, 2024.

                    s/ Theresa L. Springmann
                    JUDGE THERESA L. SPRINGMANN
                    UNITED STATES DISTRICT COURT