UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| LIDAN LIN, | |
| Plaintiff, | |
| v. | CAUSE NO.: 4:20-CV-97-TLS |
| THE TRUSTEES OF PURDUE UNIVERSITY, CARL DRUMMOND, and LACHLAN WHALEN, | |
| Defendants. | |

**OPINION AND ORDER**

This matter is before the Court on pro se Plaintiff's Amended Motion to Alter and Amend Judgment to Grant Plaintiff's Motions [ECF No. 153], filed on May 16, 2024, which asks the Court to reconsider its April 17, 2024 Opinion and Order [ECF No. 145] granting the Defendants' Motion for Summary Judgment [ECF No. 121] in favor of Defendant The Trustees of Purdue University and against the Plaintiff on her claim for discrimination under Title VII, and in favor of Defendants Carl Drummond and Lachlan Whalen and against the Plaintiff on her claims under § 1981 for discrimination, retaliation, and hostile work environment. The Defendants filed a response [ECF No. 155] on May 23, 2024, and the Plaintiff filed a reply [ECF No. 156] on May 28, 2024. For the reasons set forth below, the Court denies the motion.

The Plaintiff identifies Federal Rules of Civil Procedure 59(e), 60(a), and 60(b) as the basis for this motion for reconsideration. But the Court construes the motion as brought pursuant to Rule 59(e) because she appears to have made arguments for reconsideration based on what she refers to as errors of law and facts. *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) ("[I]t is the substance, rather than the form, of a post-judgment motion that determines the rule

under which it should be analyzed."). However, the motion is untimely because the Plaintiff did not file it within 28 days of judgment. *See* Fed. R. Civ. P. 59(e).[1]

Even if the motion was timely, "Rule 59(e) allows a court to alter or amend a judgment only if the [plaintiff] can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht*, 517 F.3d at 494. "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). "To support a motion for reconsideration based on newly discovered evidence, the moving party must show not only that this evidence was newly discovered or unknown to it until after the [decision], but also that it could not with reasonable diligence have discovered and produced such evidence [during the pendency of the motion]." *Id*. at 1269 (cleaned up).

In this case, the Plaintiff has not justified reconsideration of the Court's order granting the Defendants' motion for summary judgment. The Plaintiff does not identify any controlling precedent that the Court disregarded, misapplied, or failed to recognize in its analysis of the facts she used in her summary judgment response brief. Notably, the Plaintiff does not cite any controlling precedent related to her discrimination, hostile environment, or retaliation claims. Nor does she identify any new evidence that could not have been discovered during the

---

[1] The record indicates that the Clerk of Court entered the judgment in this case on April 17, 2024, and the Plaintiff filed this motion 29 days later, on May 16, 2024. *See* ECF Nos. 146, 153. Although in her reply, the Plaintiff cites to Federal Rule of Federal Procedure 15(a)(1)(A) to show that her motion is timely, she cites to a rule applicable to pleadings, not motions. *See* Fed. R. Civ. P. 15(a)(1)(A). Thus, the Court finds her argument unavailing.

pendency of the motion for summary judgment. Therefore, the Plaintiff has not provided a basis for reconsideration of the Court's order granting the Defendants' motion for summary judgment.[2]

The Plaintiff also includes requests for reconsideration of two interlocutory orders [ECF Nos. 143, 144]. However, "[m]otions must be filed separately." N.D. Ind. L.R. 7-1(a). As the requests for reconsideration of the two interlocutory orders are separate motions, the Plaintiff has not met the requirements of Local Rule 7-1(a). As a result, the Court denies the Plaintiff's requests for reconsideration of the interlocutory orders.

Accordingly, the Court hereby DENIES the relief requested in the Plaintiff's Amended Motion to Alter and Amend Judgment to Grant Plaintiff's Motions [ECF No. 153]. The Court DENIES as moot the Plaintiff's Motion to Alter and Amend Judgment and Orders [ECF No. 152] based on her filing of ECF No. 153.

SO ORDERED on June 12, 2024.

    s/ Theresa L. Springmann
    JUDGE THERESA L. SPRINGMANN
    UNITED STATES DISTRICT COURT

---

[2] To the extent that the Plaintiff asserts for the first time in her reply that fraud is a basis for reconsideration, the Court need not address it because she does not develop the argument or cite to any pertinent legal authority in support. *See Mahaffey v. Ramos*, 588 F.3d 1142, 1146 (7th Cir. 2009) ("Perfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived.").